15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Paul C. dEPARRIE, Plaintiff-Appellant,
v.
CITY OF PORTLAND, a municipal corporation of the State of
Oregon; Fred Meyer; Right to Privacy Political Action
Committee, et al.; No On Hate Political Action Committee,
et al.; Radical Women; Charles Hinkle, individually and in
his official capacity as an officer of the court; Tom
Potter, individually and in his capacity as Chief of
Portland Police; Katie Potter, individually and in her
official capacity as a Portland Police Officer, et al.;
John Baker; John Does, 1-50 and Jane Does, 1-50,
Defendants-Appellees.
 No. 92-36769.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 11, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul C. deParrie appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1985 action against the City of Portland, the Portland Chief of Police, and various groups and individuals advocating civil rights for homosexuals. deParrie contends the district court erred by dismissing his action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 "We review de novo the dismissal of an action under Rule 12(b)(6) for failure to state a claim." McCalden v. California Library Ass'n, 955 F.2d 1214, 1219 (9th Cir.1990), cert. denied, 112 S.Ct. 2306 (1992). In reviewing the complaint, we accept as true and construe all allegations of material fact in the light most favorable to the nonmoving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989).
 
 
 4
 To state a claim under section 1985(3) not involving race, a plaintiff must allege that he is a " 'member of a class that requires special federal assistance in protecting its civil rights.' " McCalden, 955 F.2d at 1223 (quoting Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1519 (9th Cir.1987)). In this circuit, "we require 'either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection.' " Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992) (quoting Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985)).
 
 
 5
 In his complaint, deParrie alleged the following material facts. He is a member in a class of "citizen legislators" who are perceived to be associated with the Oregon Citizens Alliance (OCA), a political organization. The OCA is a supporter of state Ballot Measure 9 (Measure 9), an anti-homosexual rights measure. Measure 9 supporters spent many months gathering signatures at various venues in Oregon. Based upon the supporters' efforts in gathering the required number of signatures to put Measure 9 on a ballot, Oregonians were scheduled to vote on it at an upcoming election.
 
 
 6
 deParrie claims, among other things, that one or more defendants: (1) "promote[d] an agenda including but not limited to homosexual special rights and ... exclude[d] opposition to and discussion of the issues on the agenda;" (2) engaged in "bigot busting" activities intended to discourage people from signing petitions in support of putting Measure 9 on the ballot; (3) verbally harassed both people staffing petition posts and people attempting to sign the petitions; (4) called supporters of Measure 9 "Nazis" and "bigots;" and (5) took pictures and videotaped the Measure 9 supporters. deParrie believes the defendants conspired among themselves and with others to harass, disrupt and harm citizen legislators who "exercise constitutional rights and the democratic process in opposition to their special rights agenda." The district court concluded that deParrie's second amended complaint failed to state a section 1985(3) claim because he failed to argue that "OCA members have been singled out for special protection."
 
 
 7
 On appeal, deParrie asserts a claim under section 1985(3) by alleging that "[t]he class to which ... [he] belongs is that of citizens who participate in the electoral and legislative process-a shrinking number in recent years and one that--in this case--'requires special federal assistance in protecting its civil rights.' " This assertion is unavailing.
 
 
 8
 deParrie has failed to allege material facts showing that any alleged deprivation of OCA's or the citizen legislator's rights was the result of class-based animus. See McCalden, 955 F.2d at 1223; see also Sever, 978 F.2d at 1538 ("Obviously, 'individuals who wish to petition the government' have not been judicially designated a suspect or quasi-suspect group.") (dictum). Therefore, the district court properly dismissed deParrie's action for failure to state a section 1985(3) claim.[2]
 
 
 9
 We deny defendants' Radical Women's and Adrienne Weller's request for Fed.R.App.P. 38 sanctions against deParrie.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 deParrie also raised claims under 42 U.S.C. Secs. 1983, 1986 and the Oregon Racketeer Influenced and Corrupt Organizations Act before the district court. Because deParrie did not raise or discuss these claims in his opening brief, we deem them waived and do not address them. See Officers For Justice v. Civil Serv. Comm'n, 979 F.2d 721, 726 (9th Cir.1992), cert. denied, 113 S.Ct. 1645 (1993)
 
 
 [2]
 Because we conclude that the district court properly dismissed deParrie's section 1985(3) action for failure to show that his class has been singled out for special federal protection, we need not address whether the complaint met the more stringent pleading requirements of cases impinging on core First Amendment rights